**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

DENNIS NELSON,

    Petitioner,

v.                                                                Case No. 08-C-0086

RICK RAEMISCH[1],
Secretary of the Wisconsin Department of Corrections,

    Respondent.

## **DECISION AND ORDER**

### **NATURE OF CASE**

The petitioner, Dennis Nelson, who proceeds pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of one count of armed burglary, two counts of second-degree recklessly endangering safety, two counts of false imprisonment, and one count of criminal damage to property. On November 8, 1990, he was sentenced to an eighteen-year prison term.

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed April 7, 2008, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent, Larry Jenkins, to file an answer, motion, or other response to the petition for a writ of habeas corpus. On August 6, 2008, the

---

[1] Since the filing of the petition for a writ of habeas corpus, the petitioner has been released from prison on mandatory supervision. He remains in the legal custody of the Wisconsin Department of Corrections and, therefore, Rickl Raemisch, the Secretary of the Wisconsin Department of Corrections is the proper respondent in this action. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. As a result, Rick Raemisch has been substituted as the respondent in this action.

respondent filed a motion to dismiss the petition as untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

By a decision and order dated November 7, 2008, this court granted the respondent's motion to dismiss in part and denied it in part. The court granted it with respect to the following grounds of the petition: (1) the denial of his right to call defense witnesses during trial; (2) jury tampering; and (3) ineffective assistance of trial counsel. The court denied it with respect to the petitioner's fourth claim regarding the extension of the duration of his imprisonment term following revocation. Therefore, the court ordered the respondent to file an answer to the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for writ of habeas corpus.[2]

## **ANALYSIS**

When the petitioner filed his habeas corpus petition in this court in January of 2008, he petitioner was confined at the Kettle Moraine Correctional Institution. In August of 2008, the petitioner was released from prison on mandatory supervision and remains in the legal custody of the Wisconsin Department of Corrections. His continuing custody is based on his judgment of conviction entered on November 8, 1990, and a revocation order and warrant of the Wisconsin Department of Corrections dated March 7, 2007, revoking the petitioner from parole and ordering him back to prison confinement.

The petitioner was convicted of one count of armed burglary, two counts of second-degree recklessly endangering safety, two counts of false imprisonment, and one count of criminal damage to property. He was sentenced to an eighteen-year prison term. In October of 2002, he was placed on parole. The March 7, 2007, revocation order computed the

---

[2]On September 2, 2009, the petitioner filed a motion for demand of judgment. The motion is in reply to the respondent's brief in opposition to the petition for a writ of habeas corpus and it will be addressed as such. To the extent that the motion seeks entry of judgment in favor of the petitioner it will be denied.

petitioner's "[p]eriod of reincarceration" under his sentence as one-year and eight months. (Answer, Exh. B). The maximum discharge date on the petitioner's sentence is now July 28, 2012.

On July 26, 2007, the petitioner filed a motion for sentence credit challenging the Department of Corrections' determination of his period of post-revocation reincarceration. In a decision and order dated August 17, 2007, the Washington County Circuit Court denied his motion concluding:

> The defendant has provided no basis under § 973.155 for his assertion that he has not received appropriate sentence credit and therefore the Motion for Sentence Credit is denied, without a hearing.

(Answer, Exh. E). The petitioner did not appeal the circuit court's decision.

## ANALYSIS

The petitioner asserts that duration of his incarceration was unlawfully extended following the revocation of his parole. The petitioner maintains that he has already served more than he was sentenced to – fourteen years in prison and five years on extended supervision. In response, the respondent asserts that the petitioner procedurally defaulted on his claim and, therefore, is not entitled to habeas relief.

Section 2254 of 28 U.S.C. requires that:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). Thus, the petitioner first must give the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

3

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984] ["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999). In order to avoid procedural default, a petitioner must fairly present a claim "at each and every level in the state court system . . .." See Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing O'Sullivan, 526 U.S. at 844-45).

In this case, the petitioner asserts that a complaint filed with the Department of Corrections alleging that his release dates were calculated in error is proof that he has "given the state ample opportunity to correct the situation." (Petitioner's Motion for Demand of Judgment at 1). However, "state prisoners must give the state courts one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Because the petitioner did not appeal the circuit court decision, there was no opportunity for the Wisconsin Court of Appeals or the Wisconsin Supreme Court to review the claim and the petitioner procedurally defaulted it.

Federal courts may review a procedurally defaulted claim if the petitioner shows cause for the failure to raise it at the appropriate time and actual prejudice which resulted from such failure. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a "fundamental miscarriage of justice . . .," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (internal quotations and citations omitted).

The Supreme Court has stated generally that "cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded the counsel's efforts to comply with the state's procedural rule." Id. at 488. The Court further stated that without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, "a showing that the legal or factual basis for a claim was not reasonably available to counsel," or that "some interference by officials made compliance impracticable," would constitute cause under this standard. Id. (internal quotations omitted).

The petitioner has not presented any evidence pertaining to the cause for his procedural default. Because the court has concluded that the petitioner has not shown cause for his procedural it is not necessary to consider whether the petitioner has satisfied the prejudice prong of the cause and prejudice test. Henderson v. Cohn, 919 F.2d 1270, 1273 (7th Cir. 1990). Additionally, the petitioner has not attempted to show [and there is nothing in the record to show] that he was wrongly convicted. See Howard, 185 F.3d at 726. In other words, the petitioner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000). The petitioner has failed "to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917.

In light of the foregoing, this court concludes that the remaining ground raised by the petitioner in his petition has been procedurally defaulted and, therefore, does not provide a basis for relief under 28 U.S.C. § 2254(d). Accordingly, the petition writ of habeas corpus will be denied.

5

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that respondent Rick Raemisch, Secretary of the Wisconsin Department of Corrections be and hereby is **substituted** in place of Larry Jenkins.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's motion for demand of judgment be and hereby is **denied**.

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed.**

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of December, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge